Barbara June FLANNERY, Plaintiff and Appellant,

v.

Jerold Frank FLANNERY, Defendant and Respondent.

No. 13896.

Supreme Court of Utah.

May 27, 1975.

---

1. ·Fibreboard Paper Prod. Corp. v. Dietrich, 25 Utah 2d 65, 475 P.2d 1005.

LaMar Duncan, Salt Lake City, for plaintiff and appellant.

Orrin G. Hatch, Andrew Grey Nokes, Salt Lake City, for defendant and respondent.

ELLETT, Justice:

On November 20, 1973, a default decree of divorce was granted plaintiff, the appellant herein, wherein she was awarded custody of three minor children, the equity in the home, certain securities, alimony and support money in the sum of $900 per month, costs and attorney's fees.

The court found that the parties owned four automobiles and concluded as a matter of law that the plaintiff should be awarded the 1972 Pontiac Firebird which she then had in her possession. The decree failed to mention the automobile.

On March 5, 1974, the plaintiff filed a motion to amend the judgment to award her the Pontiac Firebird as set out in the original conclusions of law. An order amending the decree was filed on March 5, 1974, although it was apparently signed on February 21, 1974.[1]

The defendant, respondent herein, filed a motion on March 20, 1974, to amend the decree of divorce to comply with an agreement which he claimed the plaintiff and her attorney had made with him prior to the hearing of the divorce suit. An order to show cause was issued and later heard on August 8, 1974, at which time the court amended the decree in accordance with a stipulation made in open court. The trial judge specifically queried both plaintiff and defendant about the terms of the agreement, and they said they understood the terms and agreed to them.

The plaintiff now claims that the trial court "arbitrarily insisted on the parties stipulating but terms were never made clear and the Court nevertheless set forth certain provisions and modifications at that time."

The transcript of the proceedings was sent up as a part of the file. However, the certifying signature of the reporter is not affixed to the transcript.[2]

The minute entry of August 8, 1974, uses the following language:

Court has conferred with counsel regarding the issues and the parties have reached a stipulation which is read into the record by counsel for the Defendant, providing that the Decree be amended to provide that Defendant pay $175.00 per month per child for each of the two remaining children at home for a total of $350.00 per month and $200.00 per month

---

1. It seems a little unusual that the order granting the motion was signed before the filing of the motion. However, both the motion to amend and the order granting the amendment indicate that they were filed on

March 5, 1974. The order granting the amendment also states that the motion was heard on February 21, 1974.

2. Section 78–56–6, U.C.A.1953.

as alimony until the son becomes twenty-one years of age. At that time the alimony payment shall be increased to $250.00 per month and child support for the remaining daughter shall increase to $200.00 until she reaches eighteen years of age for a total of $450.00 per month.

■ This minute entry agrees in substance with the transcript, and the statement of the court suffices and supplies the proof of the accuracy of the transcript, even though the reporter neglected to certify as to the accuracy thereof.

Although the stipulation was that the defendant was $600 in arrears in his payment, counsel for plaintiff now claims that the arrearage was over $1600.

■ The court amended the decree of divorce according to the stipulation entered into and agreed to in open court by both parties and their attorneys. A letter was written by counsel for plaintiff to the trial judge stating that the arrearage was $1695.-05. This letter was filed with the court August 14, 1974, six days after the stipulation was made.

No motion to reopen was made, and .it does not appear that a copy of the letter was sent to opposing counsel. The court was not obligated to consider the self-serving statements in the letter, and he properly amended the decree in accordance with the stipulation.

■ Aside from the stipulation, the court has continuing jurisdiction to make changes in the disposition of the children and the distribution of property as shall be reasonable and prudent.[3]

■ The ruling of the trial court is affirmed. Since respondent's brief does not comply with the rules of court, no costs will be awarded in this appeal.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

---

3. Section 30-3-5, U.C.A.1953 as amended (Replacement Vol. 3, 1973 Pocket Supplement).